# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:12-cr-00066-MR-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>(1) DONNA DEVONA; )<br>(2) JOHN DEVONA; )<br>(3) NANCY DIRAFFAELE; )<br>(4) GARY HOFFMAN; and )<br>(5) RONALD WALSH. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant John Devona's Motion to Continue Trial Term and Plea Deadline [Doc. 39]; Defendant Donna Devona's Motion to Continue [Doc. 40]; and Defendant Ronald Walsh's Motion to Join with Motion to Continue filed by Defendant John Devona [Doc. 41].

On June 20, 2012, the Defendants Donna Devona, John Devona, Nancy Diraffaele, Gary Hoffman, and Ronald Walsh were charged in a Bill of Indictment with conspiracy to possess with intent to distribute a quantity of opium poppy, in violation of 21 U.S.C. § 846 and 841(a)(1), and conspiracy to commit money laundering, in violation of 18 U.S.C. §

1956(h). [Doc. 1]. Defendants Diraffaele and Hoffman made their initial appearances on June 28, 2012. After these Defendants waived their right to appear personally for an arraignment, Orders were entered scheduling their cases for trial during the Court's August 27, 2012 trial term. Defendants Donna Devona, John Devona, and Ronald Walsh were arraigned on July 25, 2012, and their cases were also added to the August 27, 2012 calendar.

Defendant Diraffaele then moved to continue the trial of this matter. [Doc. 27]. The Court granted the requested continuance and continued all of the Defendants' cases to the November 5, 2012 trial term. [Doc. 28]. In October 2012, Defendants John Devona and Donna Devona moved for another continuance of the case, citing the extensive discovery produced by the Government. [Docs. 32, 33]. The Court granted these motions and continued all of the Defendants to the January 7, 2013 term. [Doc. 34]. Subsequently, on December 7, 2012, Defendant John Devona filed another motion for continuance [Doc. 35], which the Court denied without prejudice. [Doc. 36].

Defendant Ronald Walsh then moved for another continuance, citing the production of voluminous new discovery and the need for additional

time to engage in plea negotiations. [Doc. 37]. The Court granted Defendant Walsh's motion, and continued the entire case to its present setting during the March 4, 2013 term. [Doc. 38].

Defendants John Devona and Donna Devona now move for another continuance of the trial date. [Docs. 39, 40]. For grounds, counsel states that John Devona, who is a resident of Florida, recently suffered both a cervical and a head injury, which have interfered with his memory, concentration, and decision-making ability. Counsel states that Devona's treating physicians have recommended that he not travel until further notice. Counsel further states that Defendant Donna Devona is heavily involved in the care of her husband and therefore is also unable to travel until further notice. [Doc. 40]. Defendant Walsh, who is Defendant John Devona's step-son, joins in these motions. [Doc. 41]. The Government does not oppose the requested continuance. [Docs. 39, 40].

The Court finds that this case should be continued. Specifically, the Court finds that if the requested continuance were not granted, counsel would not have an adequate opportunity to prepare for trial. The Court therefore finds that a failure to continue the case "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation,

taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).  Additionally, without the requested continuance, counsel would not have the ability to engage in meaningful plea negotiations, which would result in a miscarriage of justice.  See 28 U.S.C. § 3161(h)(7)(B)(i).

Because no motion for severance has been granted, the continuance of Defendants John Devona and Donna Devona justifies the continuance of the other Defendants as well.  See 18 U.S.C. § 3161(h)(6) (allowing for exclusion of "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendants in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant Ronald Walsh's Motion to Join with Motion to Continue filed by Defendant John Devona [Doc. 41] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant John Devona's Motion to Continue Trial Term and Plea Deadline [Doc. 39] and Defendant Donna Devona's Motion to Continue [Doc. 40] are **GRANTED**, and the cases of

Defendants John Devona, Donna Devona, Nancy Diraffaele, Gary Hoffman, and Ronald Walsh are hereby **CONTINUED** from the March 4, 2013 term in the Asheville Division.

**IT IS SO ORDERED**.   Signed: February 18, 2013

Martin Reidinger
United States District Judge